**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**MICHAEL JAY BRACKETT,**

        Petitioner,

**v.**                                    **CIVIL ACTION NO. 3:10-CV-30
CRIMINAL ACTION NO. 3:08-CR-56-2
(BAILEY)**

**UNITED STATES OF AMERICA,**

        Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

**I.**    **Introduction**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge David J. Joel [Civ. Doc. 10; Crim. Doc. 152]. By Standing Order, entered on March 24, 2000, this action was referred to Magistrate Judge Joel for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Joel filed his R&R on November 15, 2011. In that filing, the magistrate judge recommends that this Court reject all of the nine claims of ineffective assistance of counsel contained in petitioner Michael Jay Brackett's ("Brackett") counsel-prepared § 2255 petition and four of the five claims of ineffective assistance of counsel contained in his *pro se* § 2255 petition. As for Brackett's fifth claim, which relates to his sentencing, the magistrate judge recommends that this Court sever that claim due to an apparent conflict of interest created because Brackett's current counsel also represented him at sentencing.

1

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Joel's R&R were due by December 5, 2011. Brackett timely objected to the R&R on December 5, 2011 [Crim. Doc. 156]. Accordingly, this Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objection is made. The Court will review the remainder of the R&R for clear error.

## II.    Background

### A.    Conviction and Sentence

On October 7, 2008, a jury convicted Brackett of conspiracy to possess and sell stolen firearms, in violation of 18 U.S.C. §§ 922(j), and being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924.

On February 24, 2009, this Court sentenced Brackett to 60 months imprisonment for the conspiracy conviction and 210 months imprisonment for the felon in possession conviction, to run concurrently and to be followed by concurrent terms of supervised release. Brackett's current counsel also represented him at sentencing.

2

**B.     Direct Appeal**

Brackett, by his current counsel, filed a direct appeal to the United States Court of

Appeals for the Fourth Circuit, raising the following seven claims of error:

(1) This Court erroneously failed to direct a verdict in favor of Brackett at the close of all the evidence or, in the alternative, the jury's verdict was contrary to the evidence presented;

(2) This Court erroneously failed to *sua sponte* provide the jury with a limiting instruction  regarding Brackett's prior felony conviction;

(3) This Court erroneously assessed a two-level sentence enhancement for obstruction of justice;

(4) This Court erroneously enhanced Brackett's sentence based on facts not found by the jury or admitted by him;

(5) Trial counsel was ineffective by failing to use a prior inconsistent statement of Brackett's co-defendant, by failing to object to or move to strike Rule 404(b) evidence, and by failing to seek appropriate cautionary instructions;

(6) This Court erroneously included prejudicial information in its jury instructions; and

(7) This Court erroneously denied Brackett a new trial based upon the cumulative weight of these errors.

On April 12, 2010, the Fourth Circuit affirmed Brackett's conviction and sentence.

*See* **United States v. Brackett**, 373 Fed.Appx. 427 (4th Cir. Apr. 12, 2010).  The Fourth

Circuit declined to address Brackett's claims of ineffective assistance of counsel on direct

appeal.  *See* **Id.** at 420.

C.      **Federal Collateral Attack**

1.      **Counsel-Prepared § 2255 Petition**

On April 11, 2011, the same counsel who represented Brackett at sentencing and on direct appeal filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civ. Doc. 1; Crim. Doc. 139]. As grounds for relief, Brackett's counsel claims that trial counsel was ineffective by failing to:

(1) object, on the grounds of hearsay, to Agent Dean's testimony regarding where the shotgun was found even though it was determined that Agent Dean was not the officer who first found the shotgun;

(2) mention during cross-examination and closing argument that other ammunition found in Brackett's residence was located in his co-defendant's room;

(3) object, on the grounds of hearsay, to Agent Dean's testimony that Brackett's girlfriend told him she did not know anything about the shotgun found between the mattress and box spring of Brackett's bed;

(4) move to strike Agent Dean's testimony regarding Brackett's statement that he possessed a 9 millimeter Ruger pistol;

(5) object to the testimony of Brackett's co-defendant regarding a trip to Frederick, Maryland to trade firearms for crack cocaine;

(6) object to the testimony of Brackett's co-defendant that he was aware that Brackett possessed a .38 caliber special pistol when he moved in with Brackett;

(7) ask this Court for a cautionary instruction when the parties' stipulation regarding Brackett's status as a felon was read to the jury;

(8) object when this Court omitted cautionary instruction No. 7 titled

4

"Consider Only Offense Charged;" and

(9) use the co-defendant's recanting statement for impeachment on cross-examination.

### 2.    *Pro Se* § 2255 Petition

On May 2, 2011, Brackett, acting *pro se*, filed a Motion Under 28 U.S.C. § 2255 to

Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civ. Doc. 5; Crim.

Doc. 143].   As grounds for relief, Brackett alleges the following claims of ineffective

assistance of counsel:

(1) Trial counsel was ineffective by failing to move to dismiss the Indictment or, in the alternative, by failing to move to inspect the list of names of qualified grand jurors who voted for the Indictment;

(2) Trial counsel was ineffective by failing to withdraw despite irreconcilable conflicts;

(3) Trial counsel was ineffective by failing to move to suppress evidence and failing to impeach government witnesses;

(4) Trial counsel was ineffective by failing to investigate or call his co-defendant's mother and other witnesses to testify on his behalf; and

(5) Sentencing counsel (and current counsel) was ineffective by failing to investigate or present evidence material to his sentencing and by failing to object to evidence used to determine his sentencing guidelines and ultimate sentence.

### 3.    Instant R&R

On November 15, 2011, Magistrate Judge Joel filed the instant R&R [Civ. Doc. 10;

Crim. Doc. 152].  In that filing, the magistrate judge recommends that this Court reject all

5

of the claims of Brackett's counsel and all but the fifth claim made by Brackett.  As for Brackett's fifth claim, which relates to his sentencing, the magistrate judge recommends that this Court sever that claim due to an apparent conflict of interest created because Brackett's current counsel also represented him at sentencing.  Finally, the magistrate judge ordered Brackett to notify the Court, in writing and within 14 days of receiving the R&R, if he wished to pursue his fifth claim either *pro se* or through different retained counsel.

On November 30, 2011, Brackett filed his Motion to Pursue his Fifth Claim *Pro Se* [Crim. Doc. 154].  In his motion, Brackett asks for appointment of counsel, though states that without appointed counsel he will "be force [sic] to purse [sic] his Fifth Claim . . . Pro se . . .."  (Id. at 4).

**III.    Discussion**

**A.    Portions of R&R to which Brackett Objects**

In his *pro se* Objections [Crim. Doc. 156], timely filed on December 5, 2011, Brackett objects to Magistrate Judge Joel's recommendation that this Court reject his other four *pro se* claims of ineffective assistance of counsel.

The Court will now consider each claim, under a *de novo* review, to determine whether Brackett has demonstrated that: (1) counsel's conduct fell below an objective standard of reasonableness and (2) the petitioner was prejudiced by counsel's deficient performance.  ***Strickland v. Washington***, 466 U.S. 668, 687 (1964).

**1.     Trial Counsel's Failure to Move to Dismiss Indictment or, in the Alternative, Failure to Move to Inspect List of Grand Jurors**

As his first ground for relief, Brackett claims that trial counsel was ineffective by failing to move to dismiss the Indictment or, in the alternative, by failing to move to inspect a list of the names of all qualified grand jurors who voted for the Indictment.  The Court will consider each part of this first ground for relief in turn.

**i.     Motion to Dismiss**

Brackett contends that this Court lacked jurisdiction because the Indictment was not signed by both the United States Attorney and the Grand Jury foreperson.  Instead, the publicly filed Indictment contains a "/s/" representation of both signatures.  As such, Brackett argues that his trial counsel was ineffective for failing to move to dismiss the Indictment on this basis.

In his R&R, Magistrate Judge Joel recommends that this Court reject Brackett's first ground for relief.  Specifically, the magistrate judge notes that it is the practice of the Northern District of West Virginia that the "public" copies of the indictments not reveal the actual signatures of the United States Attorney and the Grand Jury foreperson.  ([Civ. Doc. 10; Crim. Doc. 152] at 22) (citing *Wheeler v. United States*, 2011 WL 2491376, *15 (N.D. W.Va. Apr. 25, 2011)).  Instead, the magistrate judge explained that original indictments bearing the actual signatures are kept with the Office of the Clerk of Court.  As such, the magistrate judge concluded that Brackett had failed to demonstrate either of the two prongs of the *Strickland* test.  (Id.).

7

Upon a *de novo* review, this Court agrees with Magistrate Judge Joel's reasoning and conclusion.  For obvious reasons, the publicly filed indictments in this District do not reveal the actual signatures of the United States Attorney and the Grand Jury foreperson. Moreover, as pointed out by Magistrate Judge Joel, the original indictments bearing the signatures are kept in the Clerk's Office.  Thus, any motion to dismiss based upon a lack of jurisdiction would have been futile.  In this regard, **Strickland** does not require counsel to pursue frivolous motions.  *See **United States v. Bosch***, 584 F.2d 1113, 1121 (1st Cir. 1978).  Therefore, this Court concludes that Brackett has failed to satisfy either prong of **Strickland**.  Accordingly, Brackett's Objections are **OVERRULED** to the extent that they relate to this portion of his first ground for relief.

### ii.    Motion to Inspect

Alternatively, Brackett contends that trial counsel was ineffective by failing to move to inspect a list of names of qualified grand jurors who voted for the Indictment.   In recommending that this Court reject this claim, Magistrate Judge Joel notes that disclosure of grand jury voting records is only necessary when a defendant demonstrates a "particularized need" for such information.  ([Civ. Doc. 10; Crim. Doc. 152] at 22) (citing **Merica v. United States**, 2007 WL 4561298, *4 (W.D. Va. Dec. 21, 2007)).  Because Brackett could not demonstrate a particularized need, the magistrate concluded that he could not satisfy either prong of **Strickland** based upon trial counsel's failure to file a motion to inspect.

Upon a *de novo* review, this Court agrees with Magistrate Judge Joel's reasoning and conclusion.  To date, Brackett has failed to demonstrate a particularized need for

disclosure of the Grand Jury's voting records.  In addition, the fact that a defendant has not been permitted to review the record of the grand jurors who voted in favor of returning an indictment does not, alone, prove that appropriate voting procedures were not followed. *See **Wilson v. United States***, 2002 WL 32859483, *5 (W.D. Va. May 6, 2002).  Thus, any motion to inspect would have been futile.  Again, **Strickland** does not require counsel to pursue frivolous motions.  *See **Bosch***, 584 F.2d at 1121.  Therefore, this Court concludes that Brackett has failed to satisfy either prong of **Strickland**.  Accordingly, Brackett's Objections are **OVERRULED** to the extent that they relate to this portion of his first ground for relief.

### 2.    Trial Counsel's Failure to Move to Withdraw as Counsel

As his second ground for relief, Brackett contends that one of his trial counsel, Assistant Federal Public Defender Katy Cimino (previously known as Katy Ratai) "unprofessionally failed to withdraw as defense counsel" though an "irreconcilable conflict" existed between them.  ([Civ. Doc. 5; Crim. Doc. 143] at 5).  In the instant R&R, Magistrate Judge Joel explained that a defendant alleging ineffective assistance of counsel based upon a conflict of interest "must establish that an actual conflict of interest adversely affected his lawyer's performance."  ([Civ. Doc. 10; Crim. Doc. 152] at 25) (quoting **Cuyler v. Sullivan**, 446 U.S. 335, 350 (1980)).  The magistrate judge then concluded that Brackett has failed to establish an actual conflict of interest, noting that the Sixth Amendment does not guarantee a "meaningful relationship" between a defendant and his attorney.  (Id. at 26) (quoting **Morris v. Slappy**, 461 U.S. 1, 14 (1983).

9

Upon a *de novo* review, this Court agrees with Magistrate Judge Joel's reasoning and conclusion.  In particular, Brackett has failed to establish an actual conflict of interest. Though Ms. Cimino stated in a pretrial hearing that there had been communication and trust problems, Magistrate Judge Joel correctly notes that the Sixth Amendment does not guarantee a "meaningful relationship."  *See **Morris***, 461 U.S. at 14.  Accordingly, Brackett's Objections are hereby **OVERRULED** to the extent that they relate to his second ground for relief.

### 3.    Trial Counsel's Failure to Move to Suppress

As his third ground for relief, Brackett contends that his trial counsel was ineffective by failing to move to suppress "evidence material to [his] conviction and/or sentence . . .." ([Civ. Doc. 5.; Crim. Doc. 143] at 6).  More specifically, Brackett alleges that Government agents gave false testimony to the Grand Jury, that the Government presented evidence excluded by this Court during pretrial proceedings, and that his co-defendant provided false testimony at trial.

In finding Brackett's claims misplaced, Magistrate Judge Joel noted that a defendant claiming ineffective assistance of counsel based upon counsel's failure to "litigate a Fourth Amendment claim" must "prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice."  ([Civ. Doc. 10; Crim. Doc. 152] at 23) (quoting ***Kimmelman v. Morrison***, 477 U.S. 365, 375 (1986)).  The magistrate judge then concluded that Brackett had failed to present a meritorious Fourth Amendment claim that could support a claim for ineffective assistance of counsel.

Upon a *de novo* review, this Court agrees with Magistrate Judge Joel's reasoning and conclusion.  First, Brackett has presented absolutely no evidence in support of his allegation that Government agents lied to the Grand Jury.  Second, as the record clearly indicates, Brackett is simply mistaken regarding the exhibits.  Third, the trial transcript unequivocally shows that Brackett's trial counsel did, in fact, seek to impeach Brackett's co-defendant on cross-examination.  Thus, because Brackett has failed to present a meritorious Fourth Amendment claim, this Court cannot find that his trial counsel was ineffective for failing to file a motion to suppress.  Accordingly, Brackett's Objections are hereby **OVERRULED** to the extent that they relate to his third ground for relief.

### 4.    Trial Counsel's Failure to Investigate or Call Witnesses

As his fourth ground for relief, Brackett contends that his trial counsel was ineffective for failing to investigate or call witnesses.  Specifically, Brackett alleges that his co-defendant's mother would have testified that her son was not trustworthy, that Brackett was not involved in the firearms sales, and that she knew her son sold firearms.  As support for this claim, Brackett relies on reports prepared by Agent Dean, who noted that on June 2, 2008, the co-defendant's mother called her son regarding the location of a double-barreled shotgun.

In the instant R&R, Magistrate Judge Joel found that while Brackett had identified an uncalled witness (the co-defendant's mother), he had failed to "make an affirmative showing as to . . . the availability of the witness to testify, the details of what the uncalled witness would have testified to, and that the testimony of the uncalled witness would have produced a different, more favorable result at trial."  ([Civ. Doc. 10; Crim. Doc. 152] at 28)

(quoting *Talley v. United States*, 2006 WL 3422997, *9 (E.D. Tenn. Nov. 26, 2006)).  The magistrate judge also emphasized that the Fourth Circuit had held that conclusory allegations that an uncalled witness would have provided exculpatory evidence are not sufficient to establish prejudice under *Strickland*.  (Id.) (citing *United States v. Terry*, 366 F.3d 312, 316 (4th Cir. 2004)).

Upon a *de novo* review, this Court agrees with Magistrate Judge Joel's reasoning and conclusion.  First, the information reasonably available to trial counsel did not necessarily indicate that the co-defendant's mother knew her son sold firearms.  For example, Agent Dean's report reveals only that the co-defendant's mother asked her son about a firearm she owned.  Moreover, even assuming that the co-defendant's mother knew her son sold firearms, this knowledge does not necessarily exculpate Brackett.  Therefore, Brackett has failed to establish prejudice under *Strickland*.  Accordingly, Brackett's Objections are **OVERRULED** to the extent that they relate to his fourth ground for relief.

### B.    Portions of R&R to which Brackett Does Not Object

Brackett does not object to Magistrate Joel's recommendation that this Court reject the counsel-prepared claims of ineffective assistance of counsel.  Nor does Brackett object to Magistrate Judge Joel's recommendation that this Court sever his fifth *pro se* claim.  Accordingly, this Court will review those recommendations for clear error.  28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  Upon a careful review of those portions of the R&R, this Court finds no clear error.

IV.    **Conclusion**

Upon careful review of the record, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Civ. Doc. 10; Crim. Doc. 152]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein.  Further, Brackett's Objections **[Crim. Doc. 156]** are **OVERRULED**.  Accordingly, the § 2255 petition prepared by counsel **[Civ. Doc. 1; Crim. Doc. 139]** and the first four claims contained in Brackett's *pro se* § 2255 petition **[Civ. Doc. 5; Crim. Doc. 143]** are hereby **DENIED** and **DISMISSED WITH PREJUDICE**.  However, the fifth claim contained in Brackett's *pro se* § 2255 petition is hereby **SEVERED** from his other dismissed claims, pending a recommended disposition by Magistrate Judge Joel.  As a final matter, upon an independent review of the record, this Court hereby **DENIES** Brackett a certificate of appealability on his dismissed claims, finding that he has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record herein and to mail a copy to the *pro se* petitioner.

**DATED**: January 26, 2012.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE

13