**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION**

**MICHAEL JAY BRACKETT,**

    **Petitioner-Defendant,**

                                               **Civil Action No. 3:11-cv-30**
**v.**                                       **Criminal Action No. 3:08-cr-56-2**
                                               **(JUDGE BAILEY)**

**UNITED STATES OF AMERICA,**

    **Respondent-Plaintiff.**

**REPORT AND RECOMMENDATION TO THE DISTRICT JUDGE
RECOMMENDING THAT THE DISTRICT COURT DENY PETITIONER'S
FIFTH *PRO SE* CLAIM IN PETITIONER'S MOTION UNDER
28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

**I.    INTRODUCTION**

On April 11, 2011, Petitioner-Defendant Michael Jay Brackett ("Petitioner"), by counsel B. Craig Manford, Esq., filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Petition" or "Motion"). (Civil Action No. 3:11-cv-30, ECF No. 1; Criminal Action No. 3:08-cr-56-2, ECF No. 139 ("Mot.").) That same day, Petitioner's counsel also filed a Memorandum in Support of Petitioner's motion. (Civil Action No. 3:11-cv-30, ECF No. 2; Criminal Action No. 3:08-cr-56-2, ECF No. 140.) On April 13, 2011, the undersigned Magistrate Judge entered an Order directing the Respondent, the United States of America, ("Respondent" or "Government") to answer Petitioner's motion. (Criminal Action No. 3:08-cr-56-2, ECF No. 142.) On May 2, 2011, Petitioner, acting *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("*Pro Se* Petition" or "*Pro Se* Motion"). (Civil Action No. 3:11-cv-30, ECF No. 5; Criminal Action No. 3:08-cr-56-2, ECF No. 143

("*Pro Se* Mot.").) The next day, the undersigned entered an Order striking Petitioner's *pro se* motion from the docket. (Civil Action No. 3:11-cv-30, ECF No. 4; Criminal Action No. 3:08-cr-56-2, ECF No. 144.) The Government responded to Petitioner's motion on June 13, 2011, and Petitioner, by counsel, replied on June 20, 2011. (Civil Action No. 3:11-cv-30, ECF Nos. 7 & 8; Criminal Action No. 3:08-cr-56-2, ECF Nos. 148 & 149 ("Resp." and "Reply").)

On July 6, 2011, Petitioner's counsel filed a First Motion to Amend/Correct his Memorandum in Support of Motion. (Civil Action No. 3:11-cv-30, ECF No. 9; Criminal Action No. 3:08-cr-56-2, ECF No. 150.) By Order dated July 8, 2011, the undersigned granted Petitioner's motion and ordered that Petitioner's *pro se* motion be substituted in place of the Memorandum in Support filed by Petitioner's counsel and that the parties treat the Memorandum in Support as an exhibit supplementing Petitioner's *pro se* motion. (Criminal Action No. 3:08-cr-56-2, ECF No. 151.) The undersigned's Order also provided the Government with an additional twenty-one days to file a response to Petitioner's *pro se* motion and provided Petitioner with an additional fourteen days to file a reply. (*Id.*)

On November 15, 2011, the undersigned issued a Report and Recommendation in which he recommended that all of Petitioner's claims except his fifth *pro se* claim be denied and dismissed. (Civil Action No. 3:11-cv-30, ECF No. 10 at 30-31, Criminal Action No. 3:08-cr-56-2, ECF No. 152 at 30-31 ("R&R").) The undersigned also recommended that Petitioner's fifth *pro se* claim be severed because of the apparent conflict of interest created because of Petitioner's allegations of ineffective assistance of counsel against attorney Manford, who was representing Petitioner for his Motion. (R&R at 31.) Furthermore, the undersigned advised Petitioner that if he wished to pursue this claim either *pro se* or

through other retained counsel, he needed to notify the Court in writing of such intention within fourteen days after being served a copy of the Report and Recommendation. (*Id.*) Petitioner did so on November 30, 2011. (Defendant's Motion to Pursue His Fifth Claim Pro Se, Criminal Action No. 3:08-cr-56-2, ECF No. 154.)

On January 26, 2012, the Honorable John Preston Bailey, Chief United States District Judge, entered an Order adopting the undersigned's Report and Recommendation, ordering that all claims but Petitioner's last *pro se* claim be denied and dismissed with prejudice and that his fifth *pro se* claim be severed pending a recommended disposition by the undersigned. (Civil Action No. 3:11-cv-30, ECF No. 12; Criminal Action No. 3:08-cr-56-2, ECF No. 158.) That same day, the undersigned entered an Order granting Petitioner's motion to pursue his fifth claim *pro se* and directing the Government to respond to Petitioner's fifth *pro se* claim. (Criminal Action No. 3:08-cr-56-2, ECF No. 159.) On February 17, 2012, the Government filed a Motion for Extension of Time to File Response (Criminal Action No. 3:08-cr-56-2, ECF No. 164), which the undersigned granted by Order dated February 21, 2012 (Criminal Action No. 3:08-cr-56-2, ECF No. 165). The Government filed its response ("Fifth Claim Resp.") on March 8, 2012. (Criminal Action No. 3:08-cr-56-2, ECF No. 168.)

The undersigned now issues this Report and Recommendation on Petitioner's fifth *pro se* claim without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny the fifth *pro se* claim in Petitioner's motion to vacate.

## II. **FACTS**

### *A. Conviction and Sentence*

On July 9, 2008, the Grand Jury indicted Petitioner in two counts of a six-count Indictment. (Indictment, Criminal Action No. 3:08-cr-56-2, ECF No. 1.) Count One charged Petitioner and co-defendant Michael Crum with conspiracy to possess and sell stolen firearms, in violation of Title 18, United States Code, Sections 922(j) and 371. (*Id.* at 1-2.) Count Six charged Petitioner with being a felon in possession of a firearm and ammunition, in violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2)., and 924(e)(1). (*Id.* at 7.) On October 7, 2008, after a one-day jury trial, Petitioner was convicted of Counts One and Six. (Resp., Ex. 2 ("Trial Tr.") at 245:8-17.)

On February 24, 2009, Petitioner, represented by counsel B. Craig Manford, Esq., appeared before Chief Judge Bailey for sentencing. Chief Judge Bailey sentenced Petitioner to 60 months incarceration for Count One and 210 months incarceration for Count Six, to run concurrently, and a three-year term of supervised release on Count One and a five-year term of supervised release on Count Six, to run concurrently. (Judgment in a Criminal Case, Criminal Action No. 3:08-cr-56-2, ECF No. 117.)

### *B. Direct Appeal*

Petitioner, by counsel B. Craig Manford, Esq., pursued a direct appeal to the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"). Petitioner raised the following assignments of error: (1) the district court erroneously failed to direct a verdict in favor of Petitioner at the close of all evidence or, in the alternative, the jury's verdict was contrary to the evidence presented; (2) it was error for the district court not to *sua sponte*

provide the jury with a limiting instruction regarding Petitioner's prior felony conviction; (3) the sentencing court erroneously determined that Petitioner obstructed justice and erroneously assessed a two-level increase; (4) Petitioner's Sixth Amendment right to confrontation was violated when the district judge enhanced his sentence based on facts not found by the jury or admitted by Petitioner; (5) trial counsel was ineffective by failing to use a prior inconsistent statement of Petitioner's co-defendant, by failing to object or move to strike Rule 404(b) evidence, and by failing to seek appropriate cautionary instructions; (6) portions of the district court's charge to the jury were prejudicial; and (7) the cumulative weight of all the above errors was sufficient to grant a new trial. (Motion , Ex. 1.)

By an unpublished opinion issued April 12, 2010, the Fourth Circuit affirmed Petitioner's conviction and sentence. *United States v. Brackett*, 373 F. App'x 427, 428, 430, 2010 WL 1434994, at *1, 3 (4th Cir. Apr. 10, 2010) (per curiam). The Fourth Circuit declined to address Petitioner's claims of ineffective assistance of counsel on direct appeal. *Brackett*, 373 F. App'x at 420, 2010 WL 1434994, at *2.

### C. Federal Habeas Corpus

#### 1. Petitioner's Fifth *Pro Se* Claim

As his last claim in his *Pro Se* Motion, Petitioner alleges that his attorney, B. Craig Manford, Esquire ("Manford"), rendered ineffective assistance of counsel during the sentencing process. (*Pro Se* Mot., Ex. 8 ("Mem. in Supp.") at 35.) Specifically, Petitioner claims that Manford "unprofessionally failed to investigate or present available evidence material" to his sentencing. (*Id.*) He also asserts that Manford "unprofessionally failed to object to false and unreliable evidence used to determine Mr. Brackett's guideline

sentencing range and ultimate sentence." (*Id.*) To support his claim, Petitioner states that under the Supreme Court's decision in *Johnson v. United States*, 130 S. Ct. 1265 (2010), his previous conviction for criminal assault and battery on a law enforcement officer was not a violent felony under the standard required for application of the Armed Career Criminal Act ("ACCA"). (*Id.* at 37.) He also asserts that this conviction does not qualify as a violent felony under ACCA because ACCA only applies to sentences of over one year of imprisonment and he only received twelve months in jail for this conviction. (*Id.* at 39.)

  **2. Government's Response**

In its response to the motion filed by Petitioner's counsel, the Government asserts Petitioner did not preserve either at trial or on direct appeal his objection that one of his three felony convictions was not a "violent felony" for purposes of the ACCA. (Fifth Claim Resp. at 4) Regardless, the Government states that defense counsel's failure to argue that one of the three convictions did not qualify as a "violent felony" for purposes of ACCA could not be considered ineffective assistant of counsel. (*Id.* at 5.) Specifically, the Government alleges that Petitioner's 2005 conviction for criminal assault and battery on a law enforcement officer does qualify as a "violent felony" under the residual clause of §924(e)(2)(B)(ii) of the ACCA . (*Id.* at 8-10). Therefore, Petitioner cannot claim that there was a miscarriage of justice. (*Id.* at 10). In addition, even if Petitioner's counsel had objected, Petitioner "simply cannot establish that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Tucker*, 603 F.3d 260, 263 (4th Cir. 2010) (citing *Strickland*, 466 U.S. at 688.) (*Id.* at 10.)

*D.    Recommendation*

Based upon a review of the record, the undersigned recommends that Petitioner's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Action No. 3:11-cv-30, ECF No. 5; Criminal Action No. 3:08-cr-56-2, ECF No. 143) be denied as to the only remaining claim**.**  For the reasons stated herein, the undersigned recommends that Petitioner's fifth *pro se* claim be denied because Petitioner has failed to meet the two prongs of *Strickland* to demonstrate any claims of ineffective assistance of counsel.

## III.    ANALYSIS

*A.    Standard Governing Claims of Ineffective Assistance of Counsel*

The Supreme Court has set forth a two-prong test for determining whether a convicted defendant's claim of ineffective assistance of counsel warrants the reversal of his conviction.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  First, "the defendant must show that counsel's performance was deficient."  *Id.*  Second, "the defendant must show that the deficient performance prejudiced the defense."  *Id.*  These two prongs are commonly referred to as the "performance" and "prejudice" prongs.  *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992).

To satisfy the "performance" prong, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment."  *Strickland*, 466 U.S. at 687.  However, a reviewing court does not "grade" trial counsel's performance, and there is a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance."  *Carter v. Lee*,

283 F.3d 240, 249 (4th Cir. 2002). Essentially, the reviewing court must not "second-guess" counsel's performance and must "evaluate counsel's performance 'from counsel's perspective at the time.'" *Hunt v. Lee*, 291 F.3d 284, 289 (4th Cir. 2002). Furthermore, the standard of reasonableness is objective, not subjective. *See Strickland*, 466 U.S. at 688.

To satisfy the "prejudice" prong, the defendant must demonstrate that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. Therefore, if counsel's errors have no effect on the judgment, the conviction should not be reversed. *See id.* at 691. The Fourth Circuit has recognized that if a defendant "cannot demonstrate the requisite prejudice, a reviewing court need not consider the performance prong." *Fields*, 956 F.2d at 1297.

The Fourth Circuit has set forth two categories of decisions made by trial counsel when analyzing ineffective assistance of counsel claims. First, there are "personal" decisions that require the defendant's consent, such as the decision to enter a guilty plea, the decision to waive a trial by jury, the decision to appeal, and the decision of whether to testify at trial. *Sexton v. French*, 163 F.3d 874, 885 (4th Cir. 1998) (citations omitted). The second category includes decisions that "'primarily involve trial strategy and tactics,' such as 'what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed." *Id.* (quoting *United States v. Teague*, 953 F.2d 1525, 1531 (11th Cir. 1992)). Accordingly, "[t]here is a strong presumption that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than sheer neglect." *Harrington v. Richter*, 131 S. Ct. 770, 790 (2011) (citations omitted) (internal quotation marks omitted).

**B.     Pro Se *Ground 5: Ineffective Assistance of Counsel in the Sentencing Process***

In his fifth claim included in his *pro se* motion, Petitioner alleges that counsel "failed to investigate or present available evidence material to [his] sentencing." (Mem. in Supp. at 35 (alteration in original).)  Petitioner also alleges that counsel failed to "object to false and unreliable evidence used to determine [his] guideline sentencing range and ultimate sentence." (*Id.* (alteration in original).)  Specifically, Petitioner asserts that he should not have been sentenced pursuant to the Armed Career Criminal Act ("ACCA") because his prior conviction for assault and battery of a law enforcement officer should not qualify as a "violent felony" under the ACCA. (*Id.* at 37.)  As support for his claim, Petitioner relies on *Johnson v. United States*, 130 S. Ct. 1265 (2010). (*Id.* at 37.)  Petitioner asserts that under *Johnson*, his battery is not a "violent felony" and therefore did not meet the ACCA standard. (*Id.* at 37.).  According to Petitioner, since the law enforcement officer did not suffer any physical pain or injury, his assault and battery charge against the law enforcement officer dated July 20, 1988[1] should not have been considered in the imposition of the ACCA enhanced sentence. (*Id.* at 37.)  Therefore, his counsel was ineffective in investigating and objecting to the use of that particular crime during sentencing. (*Id.* at 37).

The first prong of the *Strickland* test for ineffective assistance of counsel is to determine whether counsel's performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Although the *Strickland* Court recognized that counsel has a duty

---

[1] The Court notes that Petitioner has provided the wrong date of his conviction for assault and battery on a law enforcement officer. Petitioner's conviction in Virginia for assault and battery on a law enforcement officer occurred on April 30, 2004. (Pre-Sentence Report, Criminal Action No. 3:08-cr-56-2, ECF No. 115 at 16.) Petitioner was convicted of battery and second degree murder in July of 1988. (*Id.* at 12-13.)

to make reasonable investigation, it also emphasized that "a particular decision not to investigate must be assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 691. With regard to the 2005 conviction at issue in this case, the probation officer notes in the defendant's presentence report that "according to the police report in this matter, the defendant turned around and struck an officer in the face while being handcuffed." (Criminal Action No. 3:08-cr-56-2, ECF No. 115, paragraph 65). The petitioner does not dispute hitting the law enforcement officer. (Mem. in Supp. at 37.) The petitioner argues that because the law enforcement officer was not hit with "a force capable of causing physical pain or injury" that the crime was not a "violent felony" under ACCA. (*Id.* at 37). Based on the presentence report, it was reasonable for sentencing counsel to accept the 2005 conviction as a "violent felony" without further investigation or objection. "[C]ounsel has no duty to conduct an investigation for its own sake in the absence of plausible indications that it might bear fruit." *Harris v. United States*, Nos. 5:03 CV 23 3 V, 5:06 CR 5 V, 2006 WL 322609, at *5 (W.D.N.C. Feb. 9, 2006).

Although sentencing counsel did not directly argue that the Virginia conviction was not a "violent felony" under the ACCA, counsel did remark to the sentencing court that the conviction was not of an aggravated nature in comparison with the two previous felonies. Below are sentencing counsel's remarks about the Virginia conviction:

> Then he was 34 at that last one when he caught that charge of assault of a police officer in Winchester, Virginia. And he got 12 months for that. So we know that even though it was a crime of violence, and even though it was an assault, it wasn't--I'm not justifying it, I'm just saying it wasn't anything aggravated or anything out of the ordinary, or he would not have gotten the alternative sentence of 12 months in jail versus one to five, especially of assault on a police officer, Your Honor. You know how vigorously those are

prosecuted by prosecutors. So I would ask you to take all that into consideration.

(Sentencing Tr., Criminal Action No. 3:08-cr-56-2, ECF No. 133 at 49:7-18.)

It is undisputed that Petitioner was convicted of criminal assault and battery on a law enforcement officer, in violation of Virginia Code Annotated § 18.2-57. The sole issue that Petitioner presents for this court is whether it was ineffective assistance of counsel for his attorney to fail to further investigate or object to this charge being considered as a "violent felony" under the ACCA at sentencing. In *United States v. Williams*, 559 F.3d 1143, 1148-1149 (10th Cir. 2009), the appellate court categorized the assault on a police officer as a "violent felony" under the ACCA. (*Id.* at 1149.) Likewise, in *United States v. Wardrick*, 350 F.3d 446, 455 (4th Cir. 2003), the appellate court characterized a conviction for resisting arrest as a violent felony under the ACCA. (*Id* at 455.) Although the petitioner relies on *Johnson* to argue that his conviction was not a "violent felony", there are other cases that clearly indicate that an assault and battery against a law enforcement officer is a "violent felony" under the ACCA. *See Sykes v. United States*, 131 S. Ct. 2267 (2011); *Williams*, 559 F.3d at 1148-1149*; Wardrick*, 350 F.3d at 455; *cf. United States v. Alston*, No. 94-5498, 56 F.3d 62, 1995 WL 331095, at *2-3 (4th Cir. June 2, 1995) (determining that appellant's prior conviction for assault on a law enforcement officer qualified as a crime of violence for classification as a career offender under U.S.S.G. § 4B1.1); *United States v. Doss*, No. 2:10CR00015-003, 2011 WL 3819861, at *2-3 (W.D. Va. Aug. 27, 2011) (determining that defendant's prior Virginia conviction for assault and battery on a police officer was a violent felony within the meaning of U.S.S.G. § 4B1.1). *See generally United States v. Roseboro*, 551 F.3d 226, 229 n.2 (4th Cir. 2009) (alterations in original) (citing

*United States v. Johnson*, 246 F.3d 330, 333 (4th Cir. 2001)) ("Because the language defining a violent felony in [18 U.S.C.] § 924(e) is nearly identical to and materially indistinguishable from the language defining a crime of violence in USSG § 4B1.2, [courts in the Fourth Circuit] look to . . . case law interpreting both sections when examining whether a prior crime falls within these sections."). Therefore, the petitioner does not meet his burden as to the first "performance" prong of *Strickland*.

Although Petitioner relies on *Johnson*, and the Government asserts that *Johnson* is retroactively applicable to an initial petition pursuant to § 2255, the undersigned notes that *Johnson* is not retroactively applicable to cases on collateral review. One district court within the Fourth Circuit has offered no opinion as to whether *Johnson* is retroactively applicable to cases on collateral review. *White v. United States*, Nos. 5:98-CR-158-BO, 5:11-CV-98-BO, 2011 WL 2144634, at *2 n.1 (E.D.N.C. May 31, 2011) (finding such an analysis unnecessary because of the collateral relief waiver included in the petitioner's plea agreement). The Middle District of Florida has determined that *Johnson* is not retroactively applicable to cases on collateral review. *See Crawford v. United States*, Nos. 8:11-cv-1866-T-30TGW, 8:07-cr-454-T-30TGW, 2011 WL 3702664, at *2 (M.D. Fla. Aug. 23, 2011); *see also Crawford v. United States*, Nos. 8:11-cv-1866-T-30TGW, 8:07-cr-454-T-30TGW, 2011 WL 5529930, at *2 (M.D. Fla. Nov. 14, 2011) (denying petitioner's motion for reconsideration because, *inter alia*, petitioner had not shown that *Johnson* applies retroactively); *Mendez v. United States*, Nos. 2:10-cv-198-FTM-29DNF, 2:06-cr-82-FTM-29DMF, 2011 WL 5555876, at *4 (M.D. Fla. Oct. 27, 2011) (finding that *Johnson* provided petitioner with no relief "either as to his substantive claim or to his assertion of a later starting date for the statute of limitations). However, the Southern District of Georgia has

noted that *Johnson* does apply retroactively to cases on collateral review. *See Reese v. Haynes*, No. CV211-001, 2011 WL 3704941, at *3 n.3 (S.D. Ga. June 27, 2011) (noting that *Johnson* is retroactively applicable but providing no analysis); *see also Taylor v. Haynes*, No. CV210-184, 2011 WL 2670947, at *2 (S.D. Ga. June 16, 2011) (government conceding that *Johnson* is retroactively applicable); *Dotson v. Haynes*, No. CV210-115, 2011 WL 3348044, at *2 (S.D. Ga. June 14, 2011) (same).

*Teague v. Lane*, 489 U.S. 288 (1989) and later cases set forth the principles surrounding whether new rules should be retroactively applied to cases on collateral review. Under *Teague*, courts must "survey the legal landscape as it existed at the time petitioner's conviction became final to determine whether a particular rule later announced by the Supreme Court is an old or a new rule." *Mendoza v. United States*, 774 F. Supp. 2d 791, 796 (E.D. Va. 2011) (citing *Beard v. Banks*, 542 U.S. 406, 410 (2004)). Generally, an old rule applies to cases on both direct and collateral review, whereas a new rule only applies to cases that are still on direct review. *Whorton v. Bockting*, 549 U.S. 406, 416 (2007). However, there are two exceptions for when a new rule may retroactively apply to cases on collateral review. First, the rule may apply retroactively where "it places certain kinds of primary, private individual conduct beyond the power of the criminal lawmaking authority to proscribe." *Teague*, 489 U.S. at 311. The second exception is for "'watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.'" *O'Dell v. Netherland*, 521 U.S. 151 (1997) (quoting *Graham v. Collins*, 506 U.S. 461, 478 (1993)).

First, this Court must determine whether the holding in *Johnson* announced a new or old rule. The Supreme Court has noted that when deciding whether or not a new rule

is created, a court should consider "whether it would have felt compelled by existing precedent to conclude that the rule was required by the Constitution." *Dennis v. United States*, 787 F. Supp. 2d 425, 428 (D.S.C. 2011) (citing *Saffle v. Parks*, 494 U.S. 484, 489 (1990)). The undersigned finds that the holding in *Johnson* qualifies as an old rule. At the time of Petitioner's conviction, the Government had already been utilizing the modified categorical approach to obtain convictions under the ACCA. *See, e.g., United States v. Simms*, 441 F.3d 313, 316-317 (4th Cir. 2006) (affirming the district court's method of finding that a prior Maryland conviction for battery qualified as a predicate offense under ACCA); *see also Johnson*, 130 S. Ct. at 1273 (citing *Simms* to demonstrate that the modified categorical approach has been used by the Government). Indeed, in *Johnson*, the Supreme Court noted that it had already approved the use of the modified categorical approach. *Johnson*, 130 S. Ct. at 1273. Nothing in the *Johnson* opinion suggests that a new rule of law is announced. Therefore, the undersigned finds that *Johnson* asserted an old rule of law and therefore does not retroactively apply to Petitioner's § 2255 motion.

Furthermore, attorney Manford did not commit ineffective assistance of counsel for failing to rely on *Johnson* to determine whether Petitioner's Virginia conviction should qualify as a violent felony for sentencing purposes. *Johnson* was decided on November 1, 2010–**more than** one year after Petitioner was sentenced. The Fourth Circuit has held that "an attorney's failure to anticipate a new rule of law [is] not constitutionally deficient." *United States v. McNamara*, 74 F.3d 514, 516 (4th Cir. 1996) (citing *Kornahrens v. Evatt*, 66 F.3d 1250 (4th Cir. 1995)) (alteration in original). While the undersigned has determined that *Johnson* did not establish a new rule of law, attorney Manford was not constitutionally deficient for failing to rely on a ruling that had yet to be issued when Petitioner was

sentenced.

As for the second prong of Strickland, the "prejudice" prong, Petitioner must demonstrate that but for counsel's alleged error, petitioner would have received a different sentence. *Strickland,* 466 U.S. at 691. In other words, if sentencing counsel had objected to the use of the Virginia conviction under the ACCA, would the result have been the same? It appears from the above analysis that sentencing counsel did not err and that the Virginia conviction was properly treated as a "violent felony" under the ACCA; therefore, Petitioner was not prejudiced and the resulting sentence would have been the same. In addition, the District Judge clearly stated at the sentencing that Petitioner deserved the enhanced sentence for the following reasons:

> Review of the defendant's criminal history shows that he has a lifelong penchant for violence. Battery, second degree murder, grand larceny. And that was--the larceny took place through the use of violence or threatened violence. Malicious wounding, including a beating with a cement block. Assault and battery on a law enforcement officer. And even though I am giving it no weight, I would note there's a pending charge for malicious assault. Based on these factors, this Court believes that the maximum sentence, especially for a defendant who is totally unrepentant for the charge, is the appropriate sentence.

(Sentencing Tr. at 60:17-61:3.) It is unlikely that the resulting sentence would have been different regardless of the sentencing counsel's alleged error.

Therefore, because Petitioner has failed to demonstrate that sentencing counsel's performance was either deficient or prejudicial, this claim should be dismissed.

## IV.   RECOMMENDATION

Based upon a review of the record, the undersigned recommends that the fifth claim of Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Action No. 3:11-cv-30, ECF No. 5; Criminal Action

No. 3:08-cr-56-2, ECF No. 143) be **DENIED** and **DISMISSED** because Petitioner has failed to meet the two prongs of *Strickland* to demonstrate any claims of ineffective assistance of counsel.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, Chief United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner Michael Jay Brackett.

**DATED:** April 16, 2012

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE